JACOB SHISHA
TABAK, MELLUSI & SHISHA LLP
29 Broadway
New York, NY 10006
(212) 962-1590
Attorneys for Plaintiff



RECEIVED
AUG 19 2014
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Meagan K. Golden<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OSG Ship Management, Inc.,<br>and Overseas ST Holding LLC<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES

Plaintiff, Meagan K. Golden, complaining of the defendants respectfully states and alleges upon information and belief:

### JURISDICTION AND VENUE

1. Jurisdiction is predicated on 28 U.S.C.§ 1331 Federal question pursuant to the Jones Act 46 U.S.C. § 30104, and under 28 U.S.C. § 1333 Admiralty and Maritime Law of the United States pursuant to the doctrine of unseaworthiness.

2. At all times relevant hereto plaintiff, Meagan K. Golden, was a resident and citizen of New Jersey.

3. At all times relevant hereto OSG Ship Management, Inc. ("OSG") was and is a Delaware Corporation, licensed to and doing business in New York, with offices located in Manhattan.

4. At all times relevant hereto Overseas ST Holding, LLC ("ST Holding") was a Delaware limited liability corporation having members who are New York citizens, and is doing business in New York and within this District.

5. At all times relevant hereto OSG, was the owner *pro hac vice* of the MV OVERSEAS CASCADE.

6. At all times relevant hereto, OSG operated the MV OVERSEAS CASCADE.

7. At all times relevant hereto, OSG managed the MV OVERSEAS CASCADE.

8. At all times relevant hereto, OSG controlled the MV OVERSEAS CASCADE.

9. At all times relevant hereto, OSG hired plaintiff as a seaman and member of the crew of the MV OVERSEAS CASCADE.

10. At all times relevant hereto, ST Holding was the owner of the MV OVERSEAS CASCADE.

11. At all times relevant hereto, ST Holding operated the MV OVERSEAS CASCADE.

12. At all times relevant hereto, ST Holding managed the MV OVERSEAS CASCADE.

13. At all times relevant hereto, ST Holding controlled the MV OVERSEAS CASCADE.

14. At all times relevant hereto, ST Holding hired plaintiff as a seaman and crewmember of the MV OVERSEAS CASCADE.

## JONES ACT NEGLIGENCE AND UNSEAWORTHINESS

15. On or about August 2, 2011, plaintiff sustained injury to her right shoulder while handling ship stores.

16. The cause of her injury was the negligence of the OVERSEAS CASCADE's owners, operators, and officers in requiring her to carry heavy stores, for extended period of time, with insufficient assistance, lack of mechanical devices, having to work at a fast pace because the stores would spoil if left out in the very hot conditions on deck, fatigue, improper ergonomics, improper method of handling the stores and excess weight of the stores caused her to injure her right shoulder.

17. The injuries were caused by the carelessness and negligence of the defendants, in failing to furnish plaintiff with a reasonably safe place to work, failure to provide sufficient number of crew to do the assigned tasks, failure to conduct a risk analysis, failure to provide ergonomically proper way to move the stores, failure to provide mechanical means and equipment to move the stores, failure to have stores broken down into smaller and more ergonomically designed packages.

18. The acts, omissions and conditions stated in paragraph 17 above render the OVERSEAS CASCADE unseaworthy.

19. As a result, plaintiff sustained injuries to her right shoulder, including a labral tear, which required multiple surgical interventions and has rendered her permanently not fit for sea duty.

20. As a result of the foregoing, plaintiff has incurred medical expenses, loss of earnings, pain and suffering, and will incur future medical expenses, loss of earnings pain and suffering; in an amount to be proven at trial.

**Wherefore**, Plaintiff demands judgment against defendants Overseas Management, Inc., and Overseas ST Holding, LLC jointly and severally, in an amount to be proven at trial, together with costs, pre-judgment, post judgment interest, and such other further relief the Court may deem just and proper under the circumstances.

Dated: New York, New York
August 14, 2014

TABAK, MELLUSI & SHISHA

_____
JACOB SHISHA (JS 5452)
29 Broadway
New York, NY 10006
(212) 962-1590